IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS LEE BULLOCK, § | | |
| TDCJ No. 2243585, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:22-cv-870-B-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 filed in the Southern District of Texas, Petitioner Francis Lee Bullock, a Texas prisoner, collaterally attacks his Johnson County convictions for three counts of aggravated sexual assault of a child younger than 14 years of age, one count of indecency with a child by contact, and two counts of indecency with a child by exposure. *See* Dkt. Nos. 1, 2; *State v. Bullock*, No. DC-F201800013 (249th Dist. Ct., Johnson Cnty., Tex. Jan. 18, 2019), *aff'd*, No. 10-19-00031-CR, 2020 WL 103692 (Tex. App. – Waco Jan. 8, 2020, no pet.).

After Bullock's Section 2254 application was transferred to the district, *see* Dkt. No. 5, United States District Judge Jane J. Boyle referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The State responded to the application, as ordered, and argues that it should be dismissed with prejudice as time barred, Bullock failed to file a reply, and the deadline to do so has passed. *See* Dkt. Nos. 9, 19.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the federal habeas petition with prejudice as barred by the applicable statute of limitations.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day v. McDonough*, 547 U.S. 198, 202 n.1 (2006)).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). As such, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not

- 3 -

qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

## Analysis

The timeliness of most Section 2254 applications – Bullock's is no exception – is determined under Subsection A, based on the date on which the judgment became final.

A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

And Bullock's state criminal judgment "became final for federal limitations purposes 'upon the expiration of the time for seeking further review through the filing of a [petition for discretionary review, or] PDR,'" *Macon v. Davis*, No. 3:15-cv-855-D-BN, 2016 WL 7496180, at *3 (N.D. Tex. Nov. 14, 2016) (quoting *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing, in turn, *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003))), *rec. adopted*, 2016 WL 7491848 (N.D. Tex. Dec. 30, 2016) – "which was thirty days after the [Waco] Court of Appeals affirmed his conviction," or on February 7, 2020, *id.* (cleaned up; citing *Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694 (5th Cir. 2003); TEX. R. APP. P. 68.2); *see also* Dkt. No. 19-1 at 3 (certification from the Texas Court of Criminal Appeals (the CCA) that it had no record of a PDR for Bullock's direct appeal).

For the following reasons, even after accounting for tolling under Section 2244(d)(2), Bullock's Section 2254 application was filed more than one year after his

state criminal judgment became final.

First, Bullock's Section 2254 application was filed no sooner than March 18, 2022, the date on which he certifies that he placed it in the prison mailing system. *See* Dkt. No. 1 at 10; RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

And the period during which Bullock sought state habeas relief, from the filing of the application in the state trial court, on October 18, 2020, *see* Dkt. No. 19-1 at 45, to its denial by the CCA, on April 14, 2021, *see id.* at 39; *Ex parte Bullock*, WR-91,952-01 (Tex. Crim. App. Apr. 14, 2021), statutorily tolled the limitations period. So, crediting Bullock the 179 days that the limitations period was tolled, his Section 2254 petition would have been timely if it was filed by August 5, 2021 (February 7, 2021 + 179 days = August 5, 2021).

Alternatively, Bullock claims that he did not receive notice that his state habeas petition was denied until October 25, 2021, *see* Dkt. No. 1-1 at 2, but even if the Court extends statutory tolling to this date, crediting Bullock 373 days, his Section 2254 petition remains time barred, as it should have been filed by February 15, 2022 (February 7, 2021 + 373 days = February 15, 2022). *Cf. Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002) ("At the margins, all statutes of

limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late." (collecting cases)).

Accordingly, under Section 2244(d)(1)(A), the Section 2254 application, filed no sooner than March 18, 2022, is due to be denied as untimely absent applicability of another provision of Section 2244(d)(1), equitable tolling, or actual innocence.

But Bullock neither explains how another provision of Section 2244(d)(1) could apply here, nor advances a claim of tolling under the narrow actual innocence gateway, nor makes allegations that could establish either prong of equitable tolling – that he pursued his rights diligently and that an extraordinary circumstance beyond her control prevented the timely filing of the federal petition. *See* Dkt. No. 1 at 9.

The Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

## Recommendation

The Court should dismiss Petitioner Francis Lee Bullock's 28 U.S.C. § 2254 habeas application with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 26, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE